Hassell *v.* Van Houten.

---

## Abram M. Hassell

*v.*

## Frances L. Van Houten et al.

The defendant recovered from an insurance company the amount of a policy on her husband's life.  The complainant was her solicitor in that suit.  The insurance company paid the complainant, by its check, the amount of the taxed costs in the suit, and gave him also another check, certified by the bank on which it was drawn, for the amount due defendant, and drawn payable to her order.  In a controversy between her and her solicitor over his share of the proceeds of the latter check—*Held,* that a demurrer, on account of his having made the insurance company a defendant, should be allowed.

---

Bill for relief.   On general demurrer.

*Mr. C. Borcherling*, for demurrants.

*Mr. J. Coult*, for complainant.

THE CHANCELLOR.

The complainant was the solicitor of the defendant Mrs. Van Houten, in a suit in this court (*Van Houten* v. *Pine*, *11 Stew. Eq. 72*), to recover the money due on a policy of insurance issued by the Masonic Mutual Life Insurance Company. The suit was successful, and the company paid the decree by its two bank checks, one payable to the complainant for the taxed costs, and the other payable to Mrs. Van Houten for the debt. The former check was delivered to the complainant, and the latter to her, but was taken by the complainant into his possession, he claiming a lien thereon for the amount which he alleged was due to him from her, by agreement, for his counsel fees, to be paid out of the money recovered for the debt. The check was certified by the bank to be good. Proper discharges were executed and delivered to the company. A controversy arose between the complainant and Mrs. Van Houten as to the amount of his fees. She refused to endorse the check, or otherwise authorize him to receive the money upon it, or to pay him his fees. He thereupon brought this suit for relief in the premises, and made William E. Pine, president of the company, and Charles H. Ingalls, its secretary and treasurer (the company is unincorporated), and the bank, parties. Messrs. Pine and Ingalls have filed a general demurrer, and insist that they ought not to be made parties to the suit. It appears that the company has paid the debt and obtained its discharge, and the bank has certified the check. The effect of the certificate upon the check is to make the bank liable for the payment of the money thereon, as fully as if it had paid the check to Mrs. Van Houten, and she had deposited the money in the bank to her credit. *Dan. Neg. Inst.* § *1603.* Generally, no person should be made a party who has no interest in the suit, and against whom, if the suit be brought to a hearing, no decree can be made. *Story's Eq. Pl.* § *231.* On a bill to restrain the execution of process in his hands,

or the performance of his official acts, a sheriff may be made a party, as the object of the injunction is to restrain him from acting. *Brooks* v. *Lewis, 2 Beas. 214.* In this case no ground is suggested for making the company (by its officers) a party, except an apprehension that in some way Mrs. Van Houten may, by some arrangement with the company, manage to circumvent the complainant, or embarrass him in securing his claim. But the bill makes no averment that any such proceeding is threatened, or even meditated. The bill, indeed, prays that the company may be required to give the complainant a check for, or pay him the amount of the fees, and pay Mrs. Van Houten the balance of the amount of the check, which is the subject of this suit, but such action is not necessary to enforce the complainant's claim, and therefore the company ought not to be drawn into this controversy, in which it has no interest whatever. There is no ground for making the company a party. The demurrer, therefore, will be allowed, with costs.